UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DOGUS TOPAL** | **CASE NO.  1:25-CV-01612 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PAM BONDI ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 7] filed by the *habeas* petitioner in this case, Dogus Topal ("Petitioner"). Keith Deville, Brain Acuna, Todd Lyons, Kristi Noem, and Pamela Bondi (collectively, "Respondents") oppose the Motion [Doc. No. 9]. Petitioner replied [Doc. No. 10]. After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

The record before the Court indicates that Petitioner, a national and citizen of Turkey, entered into the United States in December 2022.[1] Respondent placed Petitioner in removal proceedings in January 2023.[2] Fearing persecution if he returned to Turkey, Petitioner filed an application in the Newark Immigration Court "for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT")."[3] Petitioner was stopped and detained by Immigration and Customs Enforcement ("ICE") agents while driving in New Jersey on a work-related trip.[4]

---

[1] [Doc. No. 1, p. 4].
[2] [Id. at p. 11].
[3] [Id. at pp. 11–12].
[4] [Id. at p. 2].

Petitioner was transferred by ICE to Oakdale Federal Detention Center in Oakdale, Louisiana, and later to Winn Correctional Center in Winnfield, Louisiana, where he is currently detained.[5]

Petitioner filed his *habeas* Petition[6] on October 24, 2025, and this instant Motion[7] on November 5, 2025. The *habeas* Petition alleges that Petitioner is unlawfully detained under 8 U.S.C. § 1225(b)(2), his detainment without bond violates his due process rights under the *Acardi* doctrine and the Fifth Amendment, and "continued unlawful detention constitutes cruel and unusual punishment under the Eighth Amendment."[8] Likewise, the Motion alleges Respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2).[9]

To obtain a TRO or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 754 (5th Cir. 2012)). Elements three and four merge "when the Government is the opposing party." *Nken v. Hodler*, 556 U.S. 418, 435–36 (2009). The extraordinary relief of a temporary

---

[5] [Id.].
[6] [Doc. No. 1].
[7] [Doc. No. 7].
[8] [Doc. No. 1, pp. 13 ,15, 17].
[9] [Doc. No. 7-1, p. 2].

Page **2** of **6**

restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four elements. *Ocean Sky Int'l, LLC v. LIMU Co., LLC*, Civ. Action No. 18-0528, 2019 WL 4724802, at *5 (W.D. La. 09/26/2019).

Here, Petitioner fails to satisfy the first element required for this Court to grant his Motion. Petitioner's primary argument centers on his detention under 8 U.S.C. § 1225(b)(2), which mandates detention during the pendency of removal proceedings and does not allow for the possibility of a bond hearing, instead of 8 U.S.C. § 1226, which allows detainees to be eligible for a bond hearing.[10] Petitioner argues he was not "seeking admission" at the time of his arrest and thus his detention under 8 U.S.C. § 1225(b)(2) is unlawful, citing this Court's previous rulings in *Kostak v. Trump* and *Lopez Santos v. Noem* for support.[11] However, these rulings were issued prior to or a few days after the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*. 29 I&N Dec. 216 (BIA 2025). Courts may give an administrative agency's judgment respect based on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). While the BIA's decision is not binding upon this Court, the Court recognizes the BIA's subject matter expertise on immigration matters and is persuaded by the holding in *Matter of Yajure Hurtado*.

---

[10] [Doc. No. 7-1, p. 3–4].
[11] [Id. at p. 4 (citing *Kostak v. Trump*, No. 3:25-CV-1093, 2025 WL 2472136, at *2–3 (W.D. La. Aug. 27, 2025); *Lopez Santos v. Noem*, No. 3:25-CV-1193, 2025 WL 2642278, at *3–5 (W.D. La. Sept. 11, 2025))].

In the *Matter of Yajure Hurtado*, the BIA held that a respondent who crossed the border into the United States without inspection and resided in the country for three years before detention remains an "applicant[] for admission until and unless they are lawfully inspected and admitted by an immigration officer" and thus was properly detained under 8 U.S.C. § 1225(b)(2). *Id.* at *12; *See also Matter of Lemus*, 25 I&N Dec. at 743 ("Congress has defined the concept of an 'applicant for admission'… to include not just those who are expressly seeking permission to enter, but also those who are present in this country without having formally requested or received such permission…."). The BIA clarified an alien is not deemed admitted if they remain for a lengthy period of time following entry without inspection in the United States, as that would simply reward those who evade apprehension with the opportunity for a bond hearing under 8 U.S.C. § 1226. *Id.*

The holding in *Matter of Yajure Hurtado* has since been favorably applied in this Court. In *Sandavol v. Acuna*, this Court found a Petitioner, who illegally entered into the United States without inspection, was lawfully detained under 8 U.S.C. § 1225(b)(2) and therefore, not entitled to a bond hearing. No. 25-CV-1467, 2025 WL 3048926, (W.D. La. Dec. 31, 2025) at *7. The *Sandoval* Court found the BIA's decision in *Hurtado* persuasive, but also relied on the "plain language" of 8 U.S.C. § 1125(a)(1), defining an applicant for admission as an alien "who has not been admitted" and the Supreme Court's language in *Jennings*, defining 8 § 1225(b)(2) "as a catchall provision that applies to all applicants for admission" to support its holding. *Id.* at *5–6 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018)).

In the case at hand, Petitioner entered into the United States without inspection in December 2022.[12] Respondent, Department of Homeland Security, placed Petitioner in removal proceedings in January 2023.[13] As Petitioner remains present in the United States without having formally requested or received such permission to enter this country, Petitioner remains an "applicant[] for admission" under 8 U.S.C. § 1225(a)(1). *Matter of Lemus* at 743. As such, the Court finds the Petitioner is properly detained under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing. Therefore, the Court finds Petitioner will likely not prevail on the merits of his relief.

As the Court agrees with Respondents that Petitioner is lawfully detained under 8 U.S.C. § 1225, the Petitioner's asylum application prevents the Petitioner from being deported during the removal proceedings but does not prevent detention. *See* 8 U.S.C. § 1225(b)(1)(A)(i). The text of 8 U.S.C. § 1225 authorizes detention until asylum is granted. *See* 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."). The Supreme Court in *Jennings* held that an applicant for admission shall be detained until "certain proceedings have concluded," specifically noting aliens are detained for "further consideration of the application for asylum." 583 U.S. at 287 (citing 8 U.S.C. § 1225(b)(1)(B)(ii)).

For the foregoing reasons,

---

[12] [Doc. No. 1, p. 11].
[13] [Id.].

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that the *habeas* Petition is hereby referred to the Magistrate Judge for a Report and Recommendation.

MONROE, LOUISIANA, this 3rd day of December 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE